UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-114-FDW

| | |
|---|---|
| ERIC FLORES, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES ATTORNEY ) | |
| GENERAL, FEDERAL ) | |
| BUREAU OF INVESTIGATION, ) | |
| ) | |
|       Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), and an initial review of Plaintiff's pro se petition. (Doc. No. 1).[1] For the reasons that follow, Plaintiff's complaint will be dismissed.

Under 28 U.S.C. § 1915(e)(2), the district court must dismiss a case when the action is frivolous or malicious, fails to state a cognizable claim for relief or seeks monetary damages from a defendant who enjoys immunity from such relief. § 1915(e)(2)(B)(i),(ii) & (iii). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller

---

[1] The Court has examined Plaintiff's motion to proceed *in forma pauperis* and finds that based on the evidence contained therein, Plaintiff does not have sufficient resources from which to prepay the costs of the filing fee in this matter, and the motion will therefore be granted.

1

v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Plaintiff, a resident of El Paso, Texas, files the present petition which he labels as a challenge the constitutionality of the First Amendment to the Constitution of the United States. Plaintiff purports to bring this action on his own behalf and on behalf of numerous other individuals, whom he identifies as a "protected class of Mexican American citizens of the United States." (Doc. No. 1 at 2). Plaintiff names as defendants the Attorney General of the United States and the Federal Bureau of Investigation. Plaintiff contends that the defendants violated his rights, and the rights of his proposed class of plaintiffs, to the free exercise of religion as protected by the First Amendment and the defendants have continually denied Plaintiff and his proposed class of plaintiffs' access to the federal courts.

Although Plaintiff seeks to establish venue within the Western District of North Carolina, there is no reasonable indication that any of the allegations Plaintiff raises occurred within this district, let alone the state of North Carolina. The Court finds that venue is improper in this district and this civil action could be transferred on this basis alone. However, based on the allegations in this petition, which are patently absurd, there is no just reason to transfer this case. Rather, this case must be dismissed based on its wholly frivolous nature. A sampling of a recurring allegation in Plaintiff's petition is as follows:

> The organized group of executive employees of the federal government then used advanced technology with a direct signal to the satellite in outerspace that has the capability of [calculating] a genetic code to cause the petitioner severe physical and mental pain for long durations exceeding calendar years in which was equivalent in intensity to a great amount of pain to the petitioners brain that impaired his though process or ability to mentally function normally so as to

prevent the petitioner from adequately appealing the aforementioned circumstances of the civil case to a higher court of law to prohibit the civil case from being remanded to the court of original jurisdiction and reinstituted for jury trial that could have resulted in criminal lawful sanctions against the organized group of executive employees of the federal government . . .

(Doc. No. 1 at 9-10).

In on Order entered by this Court on August 9, 2013, the Court noted that Plaintiff has been filing actions raising similar, if not identical, allegations in federal district courts across the country. See (5:13-cv-106-FDW, Doc. No. 5). For example, the Court reviewed orders from federal district courts in Oregon and New Hampshire that provide a succinct overview of what appears to be a fraction of these civil actions:

> Since 2010, plaintiff has filed dozens of lawsuits all over the country, alleging claims substantially the same as those in this action, including appealed to the First Circuit from the United States District Courts in Maine and Massachusetts. See, e.g., Flores v. Holder, Nos. 13-8003 and 12-2479 (1st Cir. Feb. 19, 2013) (affirming Flores v. U.S. Atty. Gen'l, No. 2:13-cv-00007-DBH (D. Me. Jan. 29, 2013), and Flores v. U.S. Atty. Gen'l, No. 4:12-cv-40154-TSH (D. Mass. Nov. 20, 2012)); Flores v. U.S. Atty. Gen'l, No. 2:13-cv-0053-DBH (D. Me. Feb. 15, 2013); Flores v. U.S. Dep't of Health and Human Servs., No. 2:12-cv-00189-DBH (D. Me. June 14, 2012).
>
> The United States Supreme Court, as a result of Flores's abusive litigation tactics there, has restricted Flores's ability to file civil matters in that court. See Flores v. Holder, 132 S. Ct. 2397 (2012) (denying leave to proceed in forma pauperis and dismissing petition for writ of certiorari), and federal district courts around the country have dismissed Flores's complaints as frivolous. See e.g., Flores v. U.S. Atty. Gen'l, NO. 2:13-cv-0053-DBH, 2013 WL 1122719, [at] *2 (D. Me. Feb. 26, 2013) (recommending that the court "join the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain 'the hallucinations of a troubled man'" (citation omitted)), report and recommendation adopted by 2013 WL 1122635 (D. Me. Mar. 18, 2013).

Eric Flores v. United States Attorney General, et al., No. 03-13-cv-01270-HZ (D. Or. Aug. 2, 2013) (quoting Flores v. U.S. Atty Gen'l, No. 13-cv-1-SM, 2013 WL 3190573, at *2 (D.N.H. June 20, 2013)).

The Court finds that for the reasons stated in the Court's August 9th Order of dismissal in Case No. 5:13-cv-106, and for the reasons cited herein, this civil action should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

**IT IS, THEREFORE**, **ORDERED** that:

1. This civil action is **DISMISSED** as being frivolous and for failure to state a claim. (Doc. No. 1).

2. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** for the purpose of this initial review. (Doc. No. 2).

The Clerk of Court is respectfully directed to close this civil case.

Signed: August 13, 2013

Frank D. Whitney
Chief United States District Judge